**FILED**

March 02, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_
DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| **JENNIFER FERRELL BRANTLEY** | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| **THE UNIVERSITY OF TEXAS AT AUSTIN**, *and* **PRESIDENT JAMES E. DAVIS**, *in his official capacity as President of the University of Texas at Austin,* | § § § § § § § § | **Civil Action No. 1:26-cv-00311-ADA** |
| *Defendants.* | § § | |

**NOTICE OF SUPPLEMENTAL FACTS RELEVANT TO PENDING EMERGENCY**

**MOTION FOR TEMPORARY RESTRAINING ORDER**

TO THE HONORABLE U.S. DISTRICT JUDGE ALAN D. ALBRIGHT:

Plaintiff Jennifer Ferrell Brantley, appearing pro se, files this Notice of Supplemental Facts to inform the Court of material developments that occurred after the filing of her Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF Nos. 4 and 6. These developments bear directly on irreparable harm, the continuing need for emergency relief, and the practical inability of Plaintiff to obtain meaningful relief through the challenged university process before suffering further injury. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012).

1

1. Plaintiff's emergency motion challenged an ongoing disciplinary process that Plaintiff alleges was structurally incapable of neutrality and meaningful access. Plaintiff alleged that the constitutional injury inhered not only in the final outcome, but also in being subjected to an allegedly unlawful process itself. See *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191–92 (2023).

2. The challenged restrictions remained in effect throughout the pendency of Plaintiff's emergency motion. Plaintiff alleges that on August 18, 2025, the University imposed an interim disciplinary measure labeling Plaintiff an "ongoing threat" to campus safety, and that on October 31, 2025, the University clarified the restrictions to include "public comments." Plaintiff further alleges that these restrictions limited her movement and speech while the disciplinary process was ongoing. The continued loss of First Amendment freedoms, even briefly, constitutes irreparable injury. *Elrod*, 427 U.S. at 373.

3. On February 20, 2026, the University hearing that Plaintiff sought to prevent proceeded despite Plaintiff's requests for additional time related to medical, disability, and academic limitations. The notice of hearing was delivered at 4:59 PM on Friday, February 13, 2026, and out-of-office notifications were turned on for the hearing officer, student conduct, and D&A. Plaintiff alleges that, under the schedule provided to her, she did not have a meaningful opportunity to secure her witness, prepare with an attorney advisor, or complete her evidentiary submission before the hearing went forward. Plaintiff contends that these circumstances deprived her of meaningful notice and a meaningful opportunity to be heard. See *Dixon v. Alabama State Bd. of Educ.*, 294 F.2d 150, 158–59 (5th Cir. 1961); *Goss v. Lopez*, 419 U.S. 565, 579, 584 (1975).

2

4.  Plaintiff also alleges that disability-related accommodations were denied or not meaningfully implemented before the hearing. According to Plaintiff, D&A informed her that the medical documentation she provided from her PCP was inadequate, even alleging that the neuropsychology results on file now did not support disability.

5.  Plaintiff participated in the February 20, 2026, hearing under protest, virtually, and through a combination of writing/typing and speech while recovering from a non-verbal episode and having spent hours in the emergency room at Asension Dell Seton. At the hearing, Plaintiff stated that she had not been able to complete her evidentiary submission. Plaintiff represents that the hearing officer permitted her to submit evidence after the hearing, with a deadline of February 24, 2026, at 5:00 p.m. Plaintiff therefore alleges that the hearing proceeded before her evidence was complete and while she remained without equal ability to prepare and present her case.

6.  Plaintiff further alleges that University personnel and advisors involved in the disciplinary process overlapped with or were connected to other university bodies that Plaintiff had previously identified as sources of conflict and unfairness. Plaintiff contends that this reinforced her concern that the process was not meaningfully neutral or siloed.

7.  On March 2, 2026, at approximately 3:36 p.m., Plaintiff received the hearing officer's finding of responsibility and learned that she had been suspended from the University of Texas at Austin during her final semester, when she was three credit hours short of graduation, and the university has collected her state and federal funding for the term.

8.  Plaintiff alleges that the suspension immediately deprives her of access to her education and threatens the loss of financial aid and graduation-related benefits that cannot be fully

repaired after the fact. Plaintiff therefore submits that the irreparable harm identified in her pending emergency motion, including the prior restraint, use of information in documents she contends is falsified, job loss, and volunteering loss, is no longer prospective only; it is now present and ongoing.

9. Plaintiff respectfully requests that the Court consider these supplemental facts in ruling on the pending Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

Dated: March 3, 2026.

Respectfully submitted,

Jennifer Ferrell Brantley
Plaintiff, Pro Se
7117 Wood Hollow Dr. Apt. 1126
Austin, Texas 78731
brantley.jennifer@gmail.com
945-544-7519

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing has been served upon counsel for all parties to this proceeding as identified below through email and the court's electronic filing system as follows:

Stephen D. DeVinney
Assistant Attorney General
General Litigation Division
Office of the Texas Attorney General
P.O. Box 12548
Austin, TX 78711
stephen.devinney@oag.texas.gov
737-224-2365
Attorney for Defendant,
The University of Texas at Austin

Austin, Texas, this 3rd day of March 2026.

/s/ *Jennifer Ferrell Brantley*

Jennifer Ferrell Brantley

Plaintiff, Pro Se