# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JENNIFER FERRELL BRANTLEY,** *Plaintiff* | § | |
| **v.** | § | **No. 1:26-CV-311-ADA** |
| **THE UNIVERSITY OF TEXAS AT AUSTIN and JAMES E. DAVIS,** *Defendants* | § | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Jennifer Ferrell Brantley's motion for temporary restraining order, Dkt. 8, Defendants the University of Texas at Austin ("UT Austin") and James E. Davis's (together, "Defendants") amended motion to dismiss, Dkt. 14, Brantley's motions to amend her complaint, Dkts. 26; 28, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge grant Defendants' motion to dismiss, Dkt. 14, and deny Brantley's remaining motions, Dkts. 8; 26; 28.

## I. BACKGROUND

Brantley filed this lawsuit after she was disciplined by UT Austin for violating a no-contact order prohibiting her from contacting two members of the university community. *See* Dkts. 1; 1-2. Brantley previously sued UT Austin in this Court based on the same no-contact directive and resulting disciplinary proceeding; that case was

dismissed as frivolous. *Brantley v. Univ. of Texas at Austin*, No. A-25-CV-00594-ADA, 2025 WL 2060792, at *5 (W.D. Tex. July 7, 2025).[1] In this lawsuit, Brantley brings claims against Defendants under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983, seeking injunctive relief and declaratory relief. Dkt. 1, at 14-33. Defendants move to dismiss Brantley's lawsuit, arguing that this Court does not have subject-matter jurisdiction over her claims and that in any event, she has failed to sufficiently state any claims for relief. *See* Dkt. 14. Instead of responding to the merits of Defendants' motion, Brantley sought leave to file an amended complaint. Dkts. 26; 28.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550

[1] Brantley's state-court case based on the same factual allegations was also dismissed. *Brantley v. Melissa Jones-Wommack and Michael Scott Wolford*, No. D-1-GN-25-006792 (Tex. Dist. Dec 19, 2025).

U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

Defendants move to dismiss Brantley's claims against them, arguing that she has failed to state any claims for relief. Dkt. 14, at 4-20. In response, Brantley filed a motion to amend her complaint and motion to substitute the complaint she had attached to her original motion. Dkts. 26; 28.

### A. Brantley's ADA claims against UT Austin should be dismissed.

Brantley brings claims against UT Austin for failure to accommodate and retaliation, alleging that the university failed to accommodate her disability and retaliated against her though a disciplinary proceeding. Dkt. 1, at 39-40, 42-44. UT Austin moved to dismiss these claims, arguing that Brantley's own allegations and supporting evidence demonstrate that UT Austin did not discriminate or retaliate against her based on her disability but rather because of her harassing behavior. Dkt. 14, at 4-11. In lieu of a response, Brantley moved to amend her complaint. Dkts. 26; 28. Although an amended complaint may moot a motion to dismiss, it does not automatically do so—and as explained below, the undersigned recommends that Brantley's motion to amend be denied for futility. *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 635 (S.D. Tex. 2001) ("[Courts] consider the differences between the Original Complaint and the amended version. To the extent that the defects raised in the Motion to Dismiss remain in the Amended Complaint, a court should simply apply the Motion to that pleading.").

Brantley's discrimination and retaliation claims brought under the ADA require her to demonstrate a causal connection between the discrimination or

retaliation she experienced and her alleged disability. *See Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595 (5th Cir. 2021) (citing *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013)); *Feist v. La., Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013). Brantley alleges that UT Austin discriminated and retaliated against her based on her need for disability accommodations by initiating disciplinary proceedings against her, yet the evidence attached to her complaint demonstrates that the university only instituted disciplinary action in response to Brantley's harassment of a professor and violation of a no-contact order put in place because of her harassment. Dkt. 1-2, at 44-50 (Dr. Wolford's submission of behavioral concerns about Brantley based on the "3-4 emails" she sent him "most days" even after conclusion of semester that were "a mix of musings that read like diary entries, descriptions of mental disabilities and attempts at self-diagnosis, childhood pictures, stories about past trauma, and all manner of things that simply aren't my business"), 63 (university official noting that Brantley "ignored our recent warning to uphold the no contact order and has emailed Dr. Wolford 5 time since Friday"), 67 (university official stating that "[b]ased on the student's behavior, we will be issuing additional charges for failure to comply with directives"), 92-99 (letter announcing suspension based on failure to comply with no-contact directive).

Brantley's own evidence thus negates the causation element of her ADA discrimination and retaliation claims. *Harkey v. NextGen Healthcare, Inc.*, No. 21-50132, 2022 WL 2764870, at *4 (5th Cir. July 15, 2022) (concluding that plaintiff did not suffer an adverse employment action "*because* of her disability" even where the

"'severe, unprofessional, [and] inappropriate' conduct was purportedly caused by her" disability); *Besser v. Tex. Gen. Land Off.*, No. A-17-CV-1010-SS, 2018 WL 1353936, at *5 (W.D. Tex. Mar. 15, 2018), *aff'd*, 834 F. App'x 876 (5th Cir. 2020) (dismissing ADA retaliation claim where "plaintiff fail[ed] to allege facts supporting a plausible inference of causation"). Because Brantley has failed to plead facts supporting a reasonable inference of causation, her ADA discrimination and retaliation claims should be dismissed.

Brantley's failure-to-accommodate claim fares no better. This claim requires Brantley to allege that: (1) she is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations. *Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1032 (5th Cir. 2022) (citing *Smith v. Harris Cnty.*, 956 F.3d 311, 317 (5th Cir. 2020)). Brantley's failure-to-accommodate claim stems from her insistence that she could not understand the university's no-contact directive because her disability prevents her from understanding terms such as "disruptive conduct" and "failure to comply," insisting that UT Austin refused to accommodate her need for further explanation during the disciplinary process. Dkt. 1, at 15-16. As UT Austin points out, however, Brantley does not allege that she requested any accommodation during the disciplinary process. *See* Dkts. 1; 14, at 9; *Doe v. Bonath*, 705 F. Supp. 3d 690, 708 (W.D. Tex. 2023) ("Plaintiff fails to sufficiently allege a plausible failure-to-accommodate claim because nowhere in her

second amended complaint are factual allegations that she requested reasonable accommodations.").

In addition, Brantley's own evidence reveals that she did in fact understand the university's no-contact directive given that she emailed the university's student conduct office stating that "I'm sure I'll be talking to you soon because I emailed Wolford to tell him what a liar he is" and explained that she "she sent this after emailing Dr. Wolford and expected Dr. Wolford to report her contact," demonstrating that she was aware of when her conduct violated the no-contact directive. Dkt. 1-2, at 97. Finally, UT Austin was "not obligated under the ADA to always provide [Brantley] with the best possible accommodations or to accommodate the [Brantley] in the specific manner [s]he requested," and here—as UT Austin points out—Brantley's "violations of university policy and the student code of conduct [are] not a reasonable accommodation." Dkt. 14, at 10; *Rayha v. United Parcel Serv.*, 940 F. Supp. 1066, 1070 (S.D. Tex. 1996); *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999) (holding that employee could not establish a failure to accommodate if he was responsible for the breakdown in the process of finding appropriate accommodation).

Brantley's claims brought under the ADA should be dismissed.

### B. Brantley's Fourteenth Amendment procedural-due-process claim against Davis should be dismissed.

Brantley brings a section 1983 claim against Davis, asserting violations of her Fourteenth Amendment rights based on the disciplinary proceedings that resulted in her exclusion from the university. Dkt. 1, at 23-26. Defendants move to dismiss this claim because Brantley received as much process as she was due during her disciplinary proceedings. Dkt. 14, at 11-13. Indeed, Brantley's complaint and attached evidence demonstrate that she was provided with "oral or written notice of the charges against her" and "an explanation of the evidence the authorities have and an opportunity to present her side of the story" through an "informal give-and-take" between her and the administrative body disciplining her. *See* Dkts. 1; 14; 1-2, at 91-99; *Goss v. Lopez*, 419 U.S. 565, 581, 584 (1975); *Brantley v. Univ. of Texas at Austin*, No. A-25-CV-00594-ADA, 2025 WL 2060792, at *3 (W.D. Tex. July 7, 2025) (concluding that Brantley's complaint, based on the same events, "demonstrates she received as much due process as was required").

Moreover, Brantley's due-process claim requires her to allege a constitutionally protected interest. *See Klingler v. Univ. of S. Miss., USM*, 612 F. App'x 222, 227 (5th Cir. 2015) (explaining that procedural- or substantive-due-process claims require deprivation of a protected interest). Brantley alleges that she has a protected interest in "continued access to public-university education." Dkt. 1, at 23-24. However, "no binding authority has recognized a constitutionally protected property right to continued higher education." *Welski v. Univ. of Tex. Health Sci. Ctr.*, No. 4:24-CV-00863, 2025 WL 4220402, at *6 (S.D. Tex. Jan. 28, 2025), *R. & R. adopted*

(Mar. 5, 2025); *see also Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 2024 WL 4973300, at *2 (5th Cir. Dec. 4, 2024) (holding that "continued enrollment" in a higher education program "is not a protected interest" (citing *Barnes v. Symeonides*, 44 F.3d 1005, 1995 WL 10518, at *2 (5th Cir. Jan 3, 1995))). Brantley's due-process claim should be dismissed.

**C. Brantley's First Amendment retaliation claim should be dismissed.**

Finally, Brantley brought a First Amendment retaliation claim against Davis, alleging that UT Austin engaged in disciplinary proceedings against her based on her protected First Amendment activities of "petitioning for redress, advocating regarding disability discrimination, and stating [her] intent to publish lawfully obtained information and commentary about matters of public concern relating to university disciplinary practices and disability access." Dkt. 1, at 28-30. Defendants argue that this claim should be dismissed because Brantley did not engage in speech on a matter of public concern since it only related to her own individual interest as a speaker. Dkt. 14, at 14-17. Nor did the university prohibit her from speaking at all about her experience but rather prohibited her from contacting Dr. Wolford and another member of the university community based on their complaints that Brantley had harassed and stalked them. *Id.*

A First Amendment retaliation claim requires Bennett to plead that she: (1) engaged in a constitutionally protected activity; (2) suffered a harmful response that would "chill a person of ordinary firmness" from performing that activity; and (3) the harmful response was substantially motivated by constitutionally protected

activity. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). "Only speech which relates to a matter of public concern is eligible for constitutional protection." *Garcia v. Montenegro*, 547 F. Supp. 2d 738, 745 (W.D. Tex. 2008) (citing *Nixon v. City of Houston,* 511 F.3d 494, 497 (5th Cir. 2007), *aff'd*, 326 F. App'x 312 (5th Cir. 2009)); *see also Markos v. City of Atlanta,* 364 F.3d 567, 571 (5th Cir. 2004) (holding statements "made to exonerate one's own professional reputation" are not eligible for First Amendment protection). In addition, "'[c]ourts have made a distinction between communication and harassment.... The difference is one between free speech and conduct that may be proscribed.'" *Myart v. Taylor*, No. SA: 5:16-CV-736-DAE, 2016 WL 5376227, at *4 (W.D. Tex. Sept. 26, 2016) (quoting *Test Masters Ed. Servs., Inc. v. Singh*, 428 F.3d 559, 597 (5th Cir. 2005)).

Here, Brantley has not alleged that she engaged in protected speech or that Defendants restricted any such speech. Despite her allegation that her speech related to "matters of public concern relating to university disciplinary practice and disability access," her complaint and attached evidence reveal that her speech related to her ongoing harassment and stalking of her professor and another UT Austin employee. Dkts. 1, at 19-20; 1-2, at 96-99. Even accepting Brantley's allegation that she was directed to make "no public comments," her speech would still relate "solely in the individual interest of the speaker," and as such, did not involve a matter of public concern. Dkt. 1, at 19; *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 762, (1985). Moreover, a copy of the no-contact directive attached to her complaint reveals that UT Austin never barred Brantley from "public commentary,"

but rather prohibited her from contacting two individuals who the university determined Brantley had harassed. Dkt. 1-2, at 78 (stating that "[t]hrough this interim disciplinary action, you are immediately prohibited from communicating, directly or indirectly, with Dr. Scott Wolford and Briana Dobson"). Finally, Brantley's own complaint and evidence demonstrate that she engaged in the kind of speech—harassment—that "may be proscribed." Dkt. 1-2, at 78; *Myart*, 2016 WL 5376227, at *4. Brantley's First Amendment claim should be dismissed.

**D. Brantley's request to file an amended complaint should be denied as futile.**

Rather than responding to UT Austin's motion to dismiss, Brantley filed two motions for leave to amend her complaint. Dkts. 26; 28. Generally, "a *pro se* litigant should be offered an opportunity to amend [her] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, leave to amend is not required where an amendment would be futile or where a plaintiff has already received an opportunity to amend her claims. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). An amendment is considered futile if it fails to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). In her proposed amended complaint, Brantley proposes adding new defendants who participated in her disciplinary proceedings, as well as a new claim under the Rehabilitation Act ("RA"), and expanding her initial 35-page complaint to over 170 pages, as well as attaching a 21-page declaration in support of her complaint. Dkts.

28-1; 28-2. As explained below, Brantley's requests to amend her complaint should be denied for futility.

1. Brantley's proposed amendments to her existing claims are futile.

Brantley filed a motion to amend her complaint, which she argues "clarifies and expands the factual allegations supporting" her claims. Dkt. 26, at 3. Brantley then filed a motion to substitute her proposed first amended complaint to include "revisions that will assist the Court and the parties." Dkt. 28, at 2. Brantley's proposed first amended complaint is 174 pages—mainly based on her inclusion of summaries of the evidence she attached to her original complaint. Dkt. 28-2. Because her proposed amendments aimed at her existing claims do not cure the deficiencies identified above, however, the District Judge should deny Brantley's motion to amend.

First, even having expanded the factual allegations supporting her claims, Brantley's still cannot show that her disability was the cause of UT Austin's disciplinary proceeding against her, rather than her continued harassment of two members of the university community. *See* Dkt. 28-2. Next, Brantley's proposed amended complaint still does not allege a protected interest recognized under the Fourteenth Amendment or reveal that she did not receive the process she was due during the disciplinary proceedings. *See id.* Similarly, the new allegations do not show that Brantley engaged in protected speech that was not properly subject to proscription by the university. *See id.* Finally, given that Brantley's existing claims, even as revised by her proposed first amended complaint, lack merit, her proposed

addition of further individuals who took part in the disciplinary proceedings against her is futile. Brantley's requests to amend her complaint as to her existing claims by including additional factual allegations and defendants should be denied as futile.

2. Brantley's proposed claim brought under the Rehabilitation Act is without merit.

Brantley's proposed RA claim against UT Austin is similarly deficient because she cannot show that her disability was the sole reason for the alleged discrimination she experienced. Section 504 of the RA "explicitly provides that discrimination is actionable only if it occurs 'solely by reason of' the plaintiff's disability." *Flynn v. Distinctive Home Care, Inc.*, 812 F.3d 422, 428 (5th Cir. 2016) (emphasis omitted) (quoting 29 U.S.C. § 794(a)). A plaintiff establishes that the disability is the sole reason for the discrimination where: "(1) there is a 'causal connection' between his disability and the discriminatory action; and (2) his disability was 'the only cause' of the discriminatory action." *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 222 (5th Cir. 2018) (citation omitted).

In her proposed amended complaint, Brantley alleges in a conclusory fashion that she was subject to discrimination "solely by reason of her disability." Dkt. 28-2, at 154. Yet according to Brantley's own proposed amended complaint and previously attached evidence, her disability was not "the only cause of" UT Austin's disciplinary proceedings against her—which stemmed from her ongoing harassment of two members of the university community. Dkts. 1-2, at 44-50, 63, 67, 92-99; 28-2, at 26-92. UT Austin's stated reason for issuing the no-contact directive and ultimately suspending Brantley for her violation of that directive arose from her ongoing

harassment of her former professor and another UT Austin employee. Dkts. 1-2, at 97-98. Brantley's request to amend her complaint to add an RA claim should be denied.

## IV. RECOMMENDATIONS

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants' amended motion to dismiss, Dkt. 14, and dismiss Brantley's claims with prejudice.

The undersigned **FURTHER RECOMMENDS** that Brantley's motions to amend her complaint, Dkts. 26; 28, be **DENIED** as futile.

The undersigned **FINALLY RECOMMENDS** that the District Judge **DENY AS MOOT** Brantley's motion for a temporary restraining order, Dkt. 8.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 27, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE